IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANIEL FINNEGAN                                          PLAINTIFF

VS.                    CIVIL ACTION NO. 5:07-cv-168(DCB)(MTP)

AMERISTAR CASINOS, INC.                                  DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendant Ameristar Casinos, Inc.'s motion for judgment on the pleadings **(docket entry 10)**.  Having carefully considered the motion and response, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

In his complaint, the plaintiff seeks to recover from Ameristar Casinos, Inc. ("ACI") compensation for injuries he allegedly sustained while at the Ameristar Casino in Vicksburg, Mississippi.  Specifically, he alleges that he was injured when he fell in the men's restroom after consuming approximately forty alcoholic drinks.  Complaint, p. 7.  ACI moves pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings, asserting that there is "no cause of action under Mississippi law against a business which sells or furnishes alcohol to an adult, who voluntarily becomes intoxicated and injures himself as a result of being intoxicated."  Motion for Judgment on the Pleadings, ¶ 2 (citing Miss. Code Ann. § 67-3-73(1); <u>Bridges v. Park Place Entertainment</u>, 860 So.2d 811, 818 (Miss. 2003)).

The standard for deciding a Rule 12(c) motion for judgment on

the pleadings is the same as a Rule 12(b)(6) motion to dismiss.  In re Katrina Canal Breaches Ltig., 495 F.3d 191, 205 (5th Cir. 2007).  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Id. (internal quotations omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citation and footnote omitted).

The Mississippi statute cited by the defendant also contains a provision that "[t]he limitation of liability provided by this section shall not apply to ... any holder of an alcoholic beverage, beer or light wine permit, or any agent or employee of such holder when it is shown that the person making a purchase of an alcoholic beverage was at the time of such purchase visibly intoxicated." Miss. Code Ann. § 67-3-73(4).  Thus, to recover, the plaintiff must show that he did not "voluntarily" become intoxicated (Miss. Code Ann. § 67-3-73(1)), and/or that he was "visibly intoxicated" at the time he was served alcoholic beverages (Miss. Code Ann. § 67-3-73(4)).  See Estate of White v. Rainbow Casino-Vicksburg P'ship, 910 So.2d 713, 717-18 (Miss. Ct. App. 2005).  Both theories of recovery are alleged in the plaintiff's complaint.  Furthermore,

the plaintiff has alleged sufficient facts to state a plausible claim for relief.  The Court therefore finds that the plaintiff's complaint is sufficient to survive the defendant's motion for judgment on the pleadings as to his claim pursuant to Miss. Code Ann. § 67-3-73.  On the same basis, the plaintiff's claims for willful, wanton, malicious and tortious breach of duty, willful and wanton conduct, and reckless and negligent infliction of emotional distress survive the defendant's motion.

The plaintiff's claim for misrepresentation in advertising fails, however, because he has not alleged any damages that were proximately caused by the alleged misrepresentation.  "Proximate cause" consists of two elements, "(1) cause in fact; and (2) foreseeability." Johnson v. Alcorn State Univ., 920 So.2d 398, 411 (Miss. Ct. App. 2006)(quoting Ogburn v. City of Wiggins, 919 So.2d 85, 91 (Miss. Ct. App. 2005)).  The "cause in fact" of an injury is "that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred."  Gulledge v. Shaw, 880 So.2d 288, 293 (Miss. 2004).  The plaintiff claims that but for the defendants' advertisements, "he would not have made it upon the Defendant's place of business thereby causing all of his damages" (Plaintiff's Memorandum, p. 19).  However, an act which merely furnishes "the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which

the injuries are inflicted, is not the proximate cause thereof." Eckman v. Moore, 876 So.2d 975, 981-82 (Miss. 2004)(citations omitted).

The plaintiff's claim for breach of the duty of good faith and fair dealing is also insufficient.  The duty of good faith and fair dealing only "arises from the existence of a contract between parties."  American Bankers' Ins. of Fla. v. Wells, 819 So. 2d 1196, 1207 (Miss. 2001)(citing Cenac v. Murry, 609 So. 2d 1257, 1272 (Miss. 1992))(emphasis in original).  Because the existence of a contract is not alleged, the Court finds as a matter of law that the plaintiff cannot prevail on his claim of breach of the duty of good faith and fair dealing.  Accordingly,

IT IS HEREBY ORDERED that the defendant Ameristar Casinos, Inc.'s motion for judgment on the pleadings **(docket entry 10)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to the plaintiff's misrepresentation in advertising claim and claim for breach of the duty of good faith and fair dealing;

DENIED as to the plaintiff's remaining claims.

SO ORDERED, this the ___25th___ day of January, 2008.


  ___s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

4